UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHANGHAI TANIDA GARMENTS CO., LTD.,

                        Plaintiff,

    -against-

UP TOWN SPORT INC.,

                       Defendant.
-------------------------------------------------------------------x

Civil Action No.:
1:22-cv-609-AJN

**DECLARATION IN SUPPORT**

I, Jacob Chen, make the following declaration under penalty of perjury that the below content is true and correct:

1. The undersigned is counsel for Shanghai Tanida Garments Co., Ltd. ("Plaintiff") in the above referenced action.

2. This action was commenced on January 24, 2022.

3. On May 23, 2022, the parties reached a settlement in this case.

4. On June 2, 2022, the parties communicated to Magistrate Judge Stewart that the parties reached a settlement. Thereafter on June 3, 2022, the case was dismissed on the grounds of a settlement having been reached.

5. The order of dismissal specifically stated that "On June 2, 2022 the parties communicated to the chambers of Magistrate Judge Stewart D. Aaron that they have reached a settlement. A suggestion of settlement having been made, this case is dismissed. If the settlement is not consummated within 30 days of this order, or an authorized enlarged date, either party may apply by letter for restoration of the action within 10 days after the close of said period. The Clerk is directed to close the case. SO ORDERED. (Signed by Judge Alvin K. Hellerstein on 6/3/2022)"

6. Pursuant to the settlement, Defendant was required to make payments to Plaintiff on a monthly basis from June 1, 2022 through October 1, 2022.

7. A copy of the settlement agreements executed by the parties is attached as Exhibit A1 and Exhibit A2.

8. Defendant breached the settlement agreement through failure to pay *any* amounts owed under the settlement agreement.

9. In the underlying order of dismissal, the Court retained jurisdiction over the settlement, explicitly stating that if the settlement was not consummated than either party may apply for restoration of the case.

10. Although a settlement agreement was reached, the settlement was not consummated because Defendant failed to pay any of the amounts owed under the settlement, and has materially breached the agreement through its complete failure to pay all amounts owed.

11. Pursuant to the unambiguous and clear language of the Settlement, Defendant owes Plaintiff a total sum of $150,000, all of which remains outstanding. (Exhibit A1; Exhibit A2).

12. For these reasons, Plaintiff respectfully request that the case be reopened solely to the extent of enforcing the settlement agreement. *See Can't Stop Prods. v Sixuvus, Ltd.*, 2019 US Dist LEXIS 10207, at *10 [SDNY Jan. 18, 2019, No. 17CV6513 (CS)(LMS)] (Granting motion to enforce the settlement); *Searles v Pompilio*, 2010 US Dist LEXIS 152586, at *19 [SDNY Jan. 26, 2010]).

Dated: New York, New York
October 24, 2022

/s/ Jacob Chen
Jacob Chen